**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-6373**

CLARENCE L. RHODES,

        Petitioner - Appellant,

    v.

BRYAN K. DOBBS, Warden,

        Respondent - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Aiken. Joseph F. Anderson, Jr., Senior District Judge. (1:20-cv-01725-JFA)

Submitted: September 15, 2021          Decided: September 17, 2021

Before KING and DIAZ, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Clarence L. Rhodes, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clarence L. Rhodes, a federal prisoner, appeals the district court's order accepting the recommendation of the magistrate judge and dismissing without prejudice Rhodes' 28 U.S.C. § 2241 petition in which Rhodes sought to challenge his conviction by way of the savings clause in 28 U.S.C. § 2255. Pursuant to § 2255(e), a prisoner may challenge his conviction in a traditional writ of habeas corpus pursuant to § 2241 if a § 2255 motion would be inadequate or ineffective to test the legality of his detention.

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).*

We have reviewed the record and, following the Supreme Court's decision in *Greer v. United States*, 141 S. Ct. 2090 (2021), find no reversible error. Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

* Insofar as both Rhodes and the district court addressed our test in *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018) (outlining circumstances in which § 2255 is inadequate or ineffective to test the legality of a sentence), we conclude that *Wheeler* has no application to Rhodes' claim. *See Farkas v. Butner*, 972 F.3d 548, 559-60 (4th Cir. 2020).